IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME ADAMS, | |
| Petitioner, | |
| v. | Case No. 3:24-CV-182-NJR |
| DANIEL MONTI, | |
| Respondent. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Jerome Adams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. (Doc. 1). Respondent Daniel Monti has filed a motion to dismiss the petition as untimely filed. (Doc. 14). Adams filed a response in opposition. (Doc. 16).

### BACKGROUND

In October 2012, Adams was charged with five counts of attempted first-degree murder and one count of aggravated battery in connection with a September 2012 shooting that took place in Adams's home. (Doc. 1-4, pp. 69-74; Doc. 15-16, p. 2); *People v. Adams*, Case No. 12 CR 19150.[1] After a bench trial, Adams was convicted of attempted first-degree murder and sentenced to 10 years' imprisonment plus a mandatory 25-year enhancement for personally discharging a firearm during the commission of the crime.

---

[1] The relevant facts taken from state court decisions are presumed correct under 28 U.S.C. § 2254(e)(1).

(Doc. 15-16, p. 1). Judgment was entered on May 19, 2014. (Doc. 15-1). Adams appealed his conviction the same day, but he subsequently moved to dismiss the appeal because he believed appellate counsel failed to raise any meritorious issues. (Doc. 15-1; Doc. 15-3 at p. 3). On February 25, 2016, the appellate court granted Adams's motion and dismissed his direct appeal. (Doc. 15-16, p. 15; Doc. 15-2).

Both while his direct appeal was pending and after the appeal was dismissed, Adams filed collateral challenges to his conviction. On August 21, 2014, Adams filed a petition for declaratory relief, asserting that the statute providing for his mandatory 25-year sentence enhancement was unconstitutional. (Doc. 15-16 at p. 15). The circuit court denied his petition on September 30, 2014, finding it frivolous and concluding that the mandatory sentencing enhancement had been routinely held constitutional by Illinois courts. (*Id.*). On October 22, 2014, Adams filed another petition for declaratory relief, raising the same constitutional arguments regarding his 25-year mandatory sentence enhancement. (*Id.*). The circuit court denied his petition. (*Id.*).

In February 2015, Adams filed a "Petition to Quash Complaint & Dismiss Indictment/Relief of Judgement," seeking relief pursuant to 735 ILCS 5/2-1401.[2] (*Id.* at pp. 15-16). On May 29, 2015, the court entered an order finding Adams's claims to be without merit. (*Id.* at p. 16). On August 7, 2015, Adams again filed a petition seeking relief from judgment pursuant to Section 2-1401. (*Id.*). The circuit court denied his petition on October 9, 2015, finding it frivolous and without merit. (*Id.*).

---

[2] "There is no dispute that a 2-1401 petition is an application for collateral review under Illinois law." *Brown v. Monti*, No. 18-CV-05215, 2023 WL 4744913, at *5 (N.D. Ill. July 25, 2023) (citing *United States ex rel. Giampaolo v. Anglin*, No. 07 C 02612, 2008 WL 4133383, at *1 (N.D. Ill. Aug. 20, 2008)).

On January 20, 2016, Adams filed his initial petition for post-conviction relief, which he amended on February 16, 2016, to raise various claims of ineffective trial and appellate counsel. (Doc. 15-4 at p. 2). Specifically, Adams argued that the complaint was forged, the trial court lacked personal jurisdiction over him, his appellate counsel failed to challenge the admission (and sufficiency of) the evidence regarding prior inconsistent statements from the primary witness, and the firearm enhancement was an unlawful double enhancement. (*Id.*). Adams also argued that his trial counsel was ineffective because he, among other things, failed to object to the witness's videorecorded statement, failed to introduce prior consistent statements from the witness, and failed to argue for a conviction on a lesser offense. (*Id.* at p. 17).

On April 1, 2016, the trial court dismissed the petition for post-conviction relief because the issues were frivolous and without merit. (Doc. 15-4, p. 2; Doc. 15-16, p. 18). Adams filed a timely notice of appeal and was appointed counsel to represent him on appeal. (Doc. 15-16, p. 18). Appointed counsel later moved to withdraw because the issues Adams sought to raise lacked merit. (Doc. 15-4, p. 2). The Illinois Court of Appeals agreed and, on April 12, 2018, affirmed the judgment of the circuit court dismissing Adams's post-conviction petition. (*Id.* at pp. 2-3; Doc. 15-16 at p. 20). Adams filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on November 28, 2018. *People v. Adams*, 111 N.E. 3d 984 (Ill. 2018).

In the meantime, on January 24, 2018, while the appeal of his post-conviction petition was ongoing, Adams filed another petition for relief from judgment pursuant to Section 2-1401. (Doc. 15-5). Adams again challenged the 25-year firearm enhancement.

(*Id*. at pp. 4-14; Doc. 15-16, p. 20). The trial court denied the petition for relief from judgment because Adams had previously raised the constitutional challenge to the firearm enhancement in his petition for post-conviction relief. (Doc. 15-16 at p. 20). Adams appealed that decision and, on March 4, 2020, the appellate court denied the appeal. (Doc. 15-6 at p. 20-21). On May 27, 2020, the Illinois Supreme Court denied Adams's petition for leave to appeal. *People v. Adams*, 147 N.E. 3d 698 (Ill. 2020).

On April 4, 2019, Adams filed a combined motion for leave to file a successive petition for post-conviction relief and a motion to substitute judge. (Doc. 15-7). While this motion was still pending, on May 28, 2019, Adams filed yet another petition for relief from judgment pursuant to Section 2-1401. (Doc. 15-8; Doc. 15-16 at p. 21). Adams again argued that the statute underlying his 25-year firearm enhancement was void. (Doc. 15-10 at p. 5).

On November 12, 2020, the circuit court denied Adams's pending motions. (*Id*.). As to his claim in his motion for leave to file a successive postconviction motion that the 25-year firearm enhancement was unconstitutional, the circuit court found that Adams forfeited an as-applied challenge to the law because he did not raise it in his first petition. Furthermore, he could not show prejudice under existing Illinois precedent. (Doc. 15-10 at pp. 16-17). As to Adams's claim that his 25-year firearm enhancement was void in his petition for relief from judgment, the circuit court noted that "the substance of this claim is identical to his post-conviction challenge to his sentence as raised in his motion for leave to file a successive petition." Thus, the argument failed as a matter of law. (*Id*. at p. 19). Adams again appealed, and the appellate court affirmed the judgment of the

circuit court. *People v. Adams*, 2022 IL App (1st) 201343-U, 2022 WL 16835933 (Ill. App. Ct. Nov. 9, 2022). Adams filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on March 29, 2023. *People v. Adams*, 210 N.E.3d 775 (Ill. 2023).

## LEGAL STANDARD

Under § 2254, a district court shall review an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States. § 2254(a). Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

Habeas relief is restricted to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "[A] decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010)). Any "determination of a factual issue made by a State court shall be presumed to be correct," and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

A one-year statute of limitations applies to petitions for writs of habeas corpus. 28 U.S.C. § 2244(d). The limitation period is triggered by the latest of the following events:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2244(d)(1)(A)-(D).

A "properly filed" state post-conviction petition tolls the one-year limitations period for the duration of state postconviction review. *Id.* at § 2244(d)(2). "The petition must actually be filed in the state court to toll the limitations period. A motion for leave to file a successive postconviction petition does not stop the clock unless leave to file is granted." *Reed v. Jones*, No. 11 C 6387, 2025 WL 416828, at *4 (N.D. Ill. Feb. 6, 2025) (citing *Martinez v. Jones*, 556 F.3d 637, 638–39 (7th Cir. 2009)).

In this case, Respondent asserts that Adams's petition must be dismissed with prejudice because it was untimely filed. Adams's judgment became final in February 2016 when the Illinois Court of Appeals dismissed his direct appeal upon his request. But because Adams filed his first post-conviction petition in January 2016, the statute of

limitations for filing a habeas action was immediately tolled. *See* 28 U.S.C. § 2244(d)(2) (the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); *Martinez*, 556 F.3d at 638. The statute of limitations then remained tolled during the pendency of his petition for post-conviction relief, which was resolved on appeal on November 28, 2018. *People v. Adams*, 111 N.E. 3d 984 (Ill. 2018).

Respondent acknowledges that the statute of limitations also remained tolled during the pendency of Adams's petition for relief from judgment filed pursuant to Section 2-1401 on January 24, 2018. That petition was resolved on appeal on May 27, 2020. *People v. Adams*, 147 N.E. 3d 698 (Ill. 2020). Respondent asserts the statute of limitations began running on this date; thus, Adams was required to file his habeas petition by May 27, 2021.

The Court agrees. Although Adams filed a motion for leave to file a successive petition for post-conviction relief on April 4, 2019, the filing of a successive post-conviction petition only tolls the one-year statute of limitations "if the state court grants permission to file it." *Martinez*, 556 F.3d at 638-39. "Simply taking steps [to apply for permission to file] does not toll the statute of limitations." *Id.* (citing *Tinker v. Hanks*, 255 F.3d 444, 445-56 (7th Cir. 2001)). Adams's motion for leave to file a successive post-conviction petition was clearly rejected by the circuit, appellate, and state supreme courts. (*See* Docs. 15-10; 15-16). Thus, his April 4, 2019 motion for leave to file a successive post-conviction motion did not toll the statute of limitations.

Adams's petition for relief from judgment filed on May 28, 2019, pursuant to

Section 2-1401, also did not toll the statute of limitations. Under 28 U.S.C. § 2244(d)(2), a state post-conviction petition must be "properly filed" in order to toll the one-year statute of limitations. And, under Section 2-1401(c), except in circumstances not applicable here, a petition for relief from judgment "must be filed not later than 2 years after the entry of the order or judgment." Here, the judgment Adams was challenging was entered on May 19, 2014, and became final on February 25, 2016. Adams's petition for relief from judgment filed on May 28, 2019, was therefore untimely. As a result, it did not toll the statute of limitations under § 2244(d).[3] *See Brooks v. Walls*, 279 F.3d 518, 521 (7th Cir. 2002) ("A collateral attack that is untimely under state law is not 'properly filed.'"); *United States ex rel. Brost v. Briley*, No. 01 C 2673, 2001 WL 558043, at*2 (N.D. Ill. May 21, 2001) "'[P]roperly filed' is critical; a petition that is untimely under state law is not 'properly filed' and does not stop the clock.").

The latest possible date that the statute of limitations began running was May 27, 2020, when the Illinois Supreme Court denied Adams's petition for leave to appeal the denial of his January 24, 2018 petition for relief from judgment. Adams then had until May 27, 2021, to file his § 2254 habeas petition—making his petition filed on January 26, 2024, almost three years late.

---

[3] Respondent argues that the petition for relief from judgment did not toll the statute of limitations because Adams never appealed its denial. The Court is unpersuaded by this argument. The Illinois circuit court noted that Adams's claim regarding the 25-year firearm enhancement was "identical" to the challenge raised in his petition for leave to file a successive post-conviction motion. In his appellate brief, Adams thoroughly argued the unconstitutionality of the 25-year firearm enhancement (Doc. 15-12 at pp. 46-58), and the Court of Appeals addressed the issue in depth, finding Adams's arguments barred by *res judicata* and waiver, as well as legally meritless. Adams then filed a petition for leave to appeal that decision to the Illinois Supreme Court; it was denied on March 29, 2023. *People v. Adams*, 210 N.E.3d 775 (Ill. 2023). Thus, the Court disagrees that Adams failed to appeal the denial of his May 28, 2019 Section 2-1401 petition.

## CONCLUSION

For these reasons, the Motion to Dismiss filed by Respondent Daniel Monti (Doc. 14) is **GRANTED.** The Petition for Writ of Habeas Corpus filed by Petitioner Jerome Adams pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires district courts to consider whether to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)) (emphasis omitted); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that to obtain a certificate of appealability after dismissal on procedural grounds, a petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling").

Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or that Adams presented a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability is denied.

#### NOTICE OF APPELLATE RIGHTS

If Adams wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before going to the Seventh Circuit.

If Adams chooses to go straight to the Seventh Circuit, he will only be allowed to proceed on his appeal if he first obtains a certificate of appealability. The undersigned has already declined to issue a certificate of appealability. Thus, Adams must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal. He must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Adams files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011) (explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Adams cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Adams plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP

on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Adams wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day window or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Adams showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:** March 26, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**