IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEROME ADAMS,

      Petitioner,

v.

DANIEL MONTI,

      Respondent.

Case No. 3:24-CV-00182-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on Petitioner Jerome Adams's Motion for Leave to Appeal *in forma pauperis* ("IFP") (Doc. 33). On March 26, 2025, the undersigned denied Adams's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Section 2254"). (Doc. 17). Adams now seeks leave to appeal the denial of his Section 2254 motion without full pre-payment of the appellate filing fee.

      A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A); *see also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). Bad faith, on the other hand, means that a party has appealed on a frivolous theory, one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026. The motion to proceed IFP must also be supported by an affidavit that: (1) shows the party's inability to pay or to give security

for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

A review of Adams's motion and supporting documents confirms he is indigent, as he is incarcerated and has no assets. (Docs. 33 at p. 4-7). His inmate trust account statement shows a balance of $220.42. (*Id.* at p. 11). He receives approximately $114 per month in "gifts" and "state pay," of which $100 is spent on "food." (*Id.* at p. 4, 7). The Court is satisfied that Adams does not have the financial means to cover the costs of an appeal. The remaining issue, then, is whether his appeal is not clearly frivolous.

The Seventh Circuit has explained that the good faith standard governing motions for IFP on appeal is less demanding than the standard for issuance of a certificate of appealability. *Walker*, 216 F.3d at 631-32. To be entitled to a certificate of appealability, the applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005). To proceed IFP, however, an appellant must merely show that the appeal is taken in good faith, *i.e.*, that a reasonable person could suppose the appeal has some merit. *Walker*, 216 F.3d at 632. "Thus, a petitioner may proceed in forma pauperis even after the district court has denied issuance of a [certificate of appealability] because it found the appeal to be meritless." *Branch v. United States*, No. 03 C 4108, 2004 WL 2033056, at *4 (N.D. Ill. Sept. 3, 2004) (citing *Walker*, 216 F.3d at 631-32).

Here, the Court declined to issue a certificate of appealability when it denied

Adams's Section 2254 petition, finding that reasonable jurists would not debate whether Adams had presented a valid constitutional claim. (Doc. 17 at p. 9). Nevertheless, the undersigned believes that Adams has raised his grounds for appeal in good faith. Adams intends to contest the Court's finding that his Section 2254 motion was untimely under 28 U.S.C. § 2244(d). In his view, his second or consecutive state post-conviction petition was "properly filed" under § 2244(d)(2) so that it tolled the statute of limitations for his federal case. The Court finds that these issues are not clearly frivolous.

Accordingly, the Motion for Leave to Appeal *in forma pauperis* filed by Petitioner Jerome Adams (Doc. 33) is **GRANTED**.

The Court previously denied a certificate of appealability and finds no reason to disturb that finding now. Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Adams may renew his request for a certificate of appealability in the Court of Appeals.

**IT IS SO ORDERED.**

**DATED:  August 6, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**